JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

B 01-098

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ELIZABETH J. LOZANO BARRIENTES

**United States District Court**
**Southern District of Texas**
**FILED**

JUN 1 3 2001

## DEFENDANTS

UNUM LIFE INSURANCE COMPANY OF AMERICA

**(b)** County of Residence of First Listed Plaintiff   Cameron   **Michael N. Milby**
(EXCEPT IN U.S. PLAINTIFF CASES)   **Clerk of Court**

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Louis S. Sorola  (956) 504-2911
Sorola & Garcia, P.L.L.C.
2355 Barnard, Suite A
Brownsville, Texas 78520

Attorneys (If Known)
Doug K. Butler (214) 939-2000
Dennis M. Lynch
Figari Davenport & Graves, L.L.P.
901 Main Street, Ste. 4800
Dallas, Texas 75201

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☒ 4  Diversity
      (Indicate Citizenship of Parties
      in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | or Defendant) | Access to Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☒ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | State Statutes |
| | | ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  Original
      Proceeding

☒ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      another district
      (specify)

☐ 6  Multidistrict
      Litigation

☐ 7  Appeal to District
      Judge from
      Magistrate
      Judgment

## VI. CAUSE OF ACTION   (Cite the U.S Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Suit to recover disability benefits, extracontractual and punitive damages.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S)   (See instructions):
IF ANY

JUDGE _____   DOCKET NUMBER _____

DATE   June 12, 2001

SIGNATURE OF ATTORNEY OF RECORD   Doug K. Butler

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.**    **(a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

     (b.) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

     (c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)"

**II.**    **Jurisdiction**.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States, are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes .precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS-44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.**  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a)  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.**    **Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases**.  This section of the JS-44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.





## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
**FILED**

JUN 1 3 2001

**Michael N. Milby**
**Clerk of Court**

| | | |
|---|---|---|
| ELIZABETH J. LOZANO BARRIENTES, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | C.A. No. B 01-098 |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | § § § | |
| Defendant. | § § | |

### NOTICE OF REMOVAL

Defendant Unum Life Insurance Company of America ("Unum Life"), for the purpose only of removing this cause to the United States District Court for the Southern District of Texas, Brownsville Division, states:

1. <u>State Court Action</u>. This is an action filed on or about May 11, 2001, in the 404th Judicial District Court of Cameron County, Texas, being numbered 2001-05-2297-G on the docket of said court and being a suit by Plaintiff Elizabeth J. Lozano Barrientes ("Plaintiff") to recover damages allegedly due under a group disability insurance policy issued by Unum Life.

2. <u>Federal Jurisdiction</u>. Plaintiff was a citizen of Texas at the time this action was filed and remains a citizen of Texas as of the date of this removal. Unum Life is a Maine corporation with its principal place of business in Portland, Maine. Unum Life was a citizen

<u>NOTICE OF REMOVAL</u> - Page 1

of Maine at the time this action was filed and remains a citizen of Maine as of the date of this removal. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Therefore, this Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, this action may be removed by Unum Life pursuant to 28 U.S.C. § 1441. Venue is proper in this Court under 28 U.S.C. § 1391, as this action was pending in the state court within this district and division.

3.   <u>State Court Documents Attached</u>.   Citation was served on Unum Life's registered agent on or about May 14, 2001, which was the first time that Unum Life received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action is based. As such, removal is timely under 28 U.S.C. § 1446(b). A copy of Plaintiff's Original Petition (Tab 1) and the Citation (Tab 2) served on Unum Life are attached hereto. Also attached are a copy of Unum Life's Defendant's Original Answer filed on May 29, 2001 in state court (Tab 3); a Motion for Docket Control Order (Tab 4) filed June 7, 2001 by Plaintiff in state court, and a copy of the Cameron County docket sheet (Tab 5). These documents constitute the only pleadings, processes, or orders received by Unum Life in this action, except for discovery materials which are not to be filed with the Court.

4.   <u>Relief Requested</u>.   Unum Life respectfully requests that the United States District Court for the Southern District of Texas, Brownsville Division, accept this notice of removal and that it assume jurisdiction of this cause and issue all such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

Respectfully submitted,

By: _____

Doug K. Butler
State Bar No. 03516050
S.D. No. 9271
Attorney-In-Charge

Of Counsel:
Dennis M. Lynch
State Bar No. 90001506
S. D. No. 23163
Figari Davenport & Graves, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
214/939-2000
214/939-2090 (facsimile)

ATTORNEYS FOR DEFENDANT
UNUM LIFE INSURANCE COMPANY
OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent

by certified mail, return receipt requested, to Mr. Louis S. Sorola, Sorola & Garcia, P.L.I.C.,

2355 Barnard, Suite A, Brownsville, Texas, 78520, on this 12th day of June, 2001.

_____
Doug K. Butler

**NOTICE OF REMOVAL** - **Page 3**

NO. 2001-05-2297-G

FILED ___ 9:6 ___ O'CLOCK ___ A ___ M
AURORA DE LA GARZA DIST. CLERK
MAY 1 1 2001
DISTRICT COURT OF CAMERON COUNTY, TEXAS
RICK M. CORNEJO DEPUTY

| | | |
|---|---|---|
| ELIZABETH J. LOZANO BARRIENTES | § | IN THE STATE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 404th JUDICIAL DISTRICT |
| | § | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA | § | |
| Defendant. | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Elizabeth J. Lozano Barrientes, hereinafter called Plaintiff, complaining of and about Unum Life Insurance Company of America, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.  Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.  Plaintiff, Elizabeth J. Lozano Barrientes, is an Individual.

3.  Defendant Unum Life Insurance Company of America, a nonresident corporation, may be served pursuant to article 2.09 of the Business Corporation Act by serving the registered agent of the corporation, CT Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

### JURISDICTION AND VENUE

4.  The subject matter in controversy is within the jurisdictional limits of this court.

5.  This court has jurisdiction over Defendant, Unum Life Insurance Company of America, because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said

1



Defendant, and the assumption of jurisdiction over Unum Life Insurance Company of America will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process   Plaintiff would show that Defendant, Unum Life Insurance Company of America, had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant   Furthermore, Plaintiff would show that Defendant, Unum Life Insurance Company of America, engaged in activities constituting business in the State of Texas as provided by Section 17 042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas.

6.   Venue in Cameron County is proper in this cause under Section 15.035(b) of the Texas Civil Practice and Remedies Code because this action involves a contractual obligation in connection with a consumer transaction and Unum Life Insurance Company of America, Defendant herein, signed the contract in this county.

### FACTS

7.   In 1990, Plaintiff was employed as a teacher with the Brownsville Independent School District and first contracted with Defendant, Unum Life Insurance Company of America, for an employment disability insurance policy.

8.   At all times relevant to this law suit, Defendant, Unum Life Insurance Company of America, engaged in the business of insurance.

9.   Defendant named Plaintiff as the insured or person covered in policy number 00508101 - 0005 issued to Plaintiff which forms the basis for this law suit.

10.   In subsequent years, Plaintiff paid the premium and renewed the disability policy every year.   At all times relevant to this law suit, the employment disability insurance policy number 00508101 - 0005 issued by Defendant, Unum Life Insurance Company of America, was in full force and effect.

11.   On or about January 31, 1998, Plaintiff suffered a severe injury to her lumbar spine

2

and was unable to work

12    On or about September 4, 1998, Plaintiff filed a long term disability claim with Defendant related to the spinal injury she suffered

13    On or about November 25, 1998, Plaintiff underwent surgery for the injury to her spine

14    Plaintiff received long term disability benefits for the period, on or about, September 4, 1998 through, on or about, September 8, 2000, from the Defendant, Unum Life Insurance Company of America.

15.    The disability benefits consisted of a monthly check form the Defendant to the Plaintiff for $1,600.00.

16.    In a benefit brochure published by the Defendant, representation is made that Unum Life Insurance Company of America will send payment for each month of disability until age 65.

17.    On or about, September 9, 2000, Defendant, Unum Life Insurance Company of America, disregarded Dr. Madhavan Pisharodi's medical opinion and discontinued the Plaintiff's long term disability benefits.

18.    On or about February 18, 2000, Dr. Madhavan Pisharodi, M.D., Plaintiff's treating physician, stated in a letter that he did not feel Plaintiff was ready to return to work and was not releasing the Plaintiff to return to work.

19.    To date, Dr. Madhavan Pisharodi, M.D., has not released the Plaintiff to return to work.

20.    Defendant's disability policy states that total disability means that after 24 months of monthly benefits have been paid and the insured is unable to perform with reasonable continuity all of the material and substantial duties of her own or any other occupation for which she is or could become reasonably fitted by training, education, experience, age and physical and mental capacity

21    Pursuant to her treating physician, Plaintiff is unable to perform with reasonable continuity all of the material and substantial duties of her own or any other occupation.

3

## ELIZABETH J. LOZANO BARRIENTES' CLAIM FOR BREECH OF CONTRACT

22     On or about September 22, 2000, Defendant, Unum Life Insurance Company of America, was given notice of Plaintiff's claim against Defendant.

23     Pursuant to Texas Rule of Civil Procedure 54, all conditions precedent to Defendant's obligation to pay Plaintiff's claim have been performed or have occurred

24     Defendant failed to pay Plaintiff's claim as required by contract of insurance which resulted in damages to Plaintiff

## ELIZABETH J. LOZANO BARRIENTES' CLAIM FOR BREECH OF DUTY OF GOOD FAITH

25.     When Plaintiff's claim under said policy was presented to Defendant, Unum Life Insurance Company of America, as alleged in this petition, Defendant's liability to pay the claim was reasonably clear and Defendant had no factual basis for denial that would have been relied upon by a reasonable insurer under the same or similar circumstances.

26.     When Plaintiff's claim under said policy was presented to Defendant, Unum Life Insurance Company of America, as alleged in this petition, Defendant's reliance on exception or exclusion to coverage under the policy was not reasonable reliance.

27.     At the time of refusal to pay Plaintiff's claim,  Defendant, Unum Life Insurance Company of America, knew or by exercise of reasonable diligence should have known that its liability was reasonably clear in that a reasonable and proper investigation of the claim would have shown the Defendant that its liability was clear.

28     At the time of refusal to pay Plaintiff's claim,  Defendant, Unum Life Insurance Company of America, knew or by exercise of reasonable diligence should have known that reasonable reliance on expert's or investigator's reports other then those that were faulty, incomplete, and biased would have shown Defendant that liability was clear.

29     Defendant's above-stated breach of duty of good faith and fair dealing was the proximate cause of harm to Plaintiff as described below

4

30   Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of potential harm, of which Defendant was actually aware, but nevertheless proceeded to act with conscious indifference.

31   Defendant's conduct was fraudulent in that Defendant misrepresented material facts, knowing the representation to be false or acted with reckless disregard for truth and that Defendant intended that Plaintiff would rely on the representations and Plaintiff did, in fact, relay on the misrepresentations to her detriment and harm.

## ELIZABETH J. LOZANO BARRIENTES' CLAIM FOR UNFAIR CLAIMS
## SETTLEMENT PRACTICE

32.   On or about September 22, 2000, Defendant, Unum Life Insurance Company of America, was given notice of Plaintiff's claim against Defendant for unfair claims settlement practices.

33.   Plaintiff alleges that Defendant, Unum Life Insurance Company of America, misrepresented material facts and policy provisions relating to coverage for disability.

34.   Plaintiff alleges that Defendant, Unum Life Insurance Company of America, failed to attempt in good faith to effectuate prompt, fair, and equitable settlement of her claim for which Defendant's liability is reasonably clear.

35.   Plaintiff alleges that Defendant, Unum Life Insurance Company of America, refused to pay her disability claim without conducting a reasonable investigation.

36.   Defendant, Unum Life Insurance Company of America's, conduct was the producing cause of harm and monetary damages to Plaintiff.

37   Defendant, Unum Life Insurance Company of America, knowingly committed unfair practices outlined above in that Defendant was at all relevant times actually aware of falsity, unfairness, or deception of its acts and omissions.

38   Defendant, Unum Life Insurance Company of America's, knowing commission of unfair acts was the producing cause of Plaintiff's suffering mental anguish.

5

## ELIZABETH J. LOZANO BARRIENTES' CLAIM FOR DECEPTIVE TRADE PRACTICES

39      Plaintiff alleges that Defendant, Unum Life Insurance Company of America, caused confusion or misled the Plaintiff as to the source, sponsorship, approval, or certification of the insurance policy

40      Plaintiff alleges that Defendant, Unum Life Insurance Company of America, represented that the disability policy had characteristics, uses, or benefits which it did not have

41      Plaintiff alleges that Defendant, Unum Life Insurance Company of America, represented that the disability policy confers or involves rights, remedies, or obligations which it does not have or involve.

42.      Plaintiff alleges that Defendant, Unum Life Insurance Company of America, failed to disclose information concerning services which were known at the time of the transaction and such failure to disclose such information was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed.

### DAMAGES FOR PLAINTIFF, ELIZABETH J. LOZANO BARRIENTES

43.      As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Elizabeth J. Lozano Barrientes, was caused to incur the following damages:

  A.      Actual damages in an amount within the jurisdictional limits of the court, as set out in the petition and resulting from Defendant's breach of contract, commission of unfair claims settlement practices, breech of duty of good faith, and deceptive trade practices;

  B.      Loss of disability benefits in the form of wages in the past and which will, in all probability, be incurred in the future;

  C.      Additional actual damages as compensation for suffering mental anguish,

  D      Actual damages for severe mental anguish resulting in substantial disruption in Plaintiff's daily routine;

  E.      Actual damages for injury to Plaintiff's reputation for good credit,

6

F  Enhanced damages of up to three times the actual damages,

G  Exemplary damages as found by the trier of fact,

H  Reasonable and necessary attorney's fees incurred and likely to be incurred in the presentation of the claim and prosecution of this action,

I  Additional damages of 18 percent per annum on amount due under contract of insurance,

J.  Prejudgement and post-judgment interest as provided by law, and

K  General relief.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Elizabeth J. Lozano Barrientes, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Sorola & Garcia, P.L.L.C.

By:_____

Louis S. Sorola
Texas Bar No. 00794990
2355 Barnard, Suite A
Brownsville, Texas 78520
Tel. (956)504-2911
Fax. (956)544-7766
Attorney for Plaintiff
Elizabeth J Lozano Barrientes

7



NO. 2001-05-2297-G

| | | |
|---|---|---|
| ELIZABETH J. LOZANO BARRIENTES, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | CAMERON COUNTY, TEXAS |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | § § § | |
| Defendant. | § § | 404TH JUDICIAL DISTRICT |

FILED 3:30 O'CLOCK
AURORA DE LA GARZA DIST CLERK
MAY 29 2001
DISTRICT COURT OF CAMERON
Idea Guerrero

## DEFENDANT'S ORIGINAL ANSWER

Defendant UNUM Life Insurance Company of America ("UNUM Life") files its original answer and states:

## ANSWER

1.    **General Denial.** Subject to such admissions and stipulations as may be made at or before the time of trial, UNUM Life denies generally and specially the material allegations in Plaintiff's Original Petition, pursuant to Tex. R. Civ. P. 92, and demands strict proof thereof in accordance with the requirements of the laws of this state.

## PRAYER

3.    **Relief Requested.** UNUM Life requests the following relief:

(a)    that Plaintiff take nothing by reason of her suit;

(b)    that UNUM Life be dismissed with its costs; and

**DEFENDANT'S ORIGINAL ANSWER** - **Page 1**

(c)     that UNUM Life have such other and further relief, both general and

special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

By:_____

Doug K. Butler
State Bar No. 03516050
Dennis M. Lynch
State Bar No. 90001506

FIGARI DAVENPORT & GRAVES, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas  75202-3796
(214) 939-2000
(214) 939-2090 (FAX)

ATTORNEYS FOR DEFENDANT
UNUM LIFE INSURANCE COMPANY
OF AMERICA

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been sent via certified mail, return receipt requested, to Louis S. Sorola, Sorola & Garcia, P.L.I.C., 2355 Barnard, Suite A, Brownsville, Texas 78520, on this 25th day of May, 2001.

_____
Doug K. Butler

**DEFENDANT'S ORIGINAL ANSWER** - Page 2

NO. <u>2001-05-2297</u> -G

| | | |
|---|---|---|
| **ELIZABETH JANE LOZANO**<br>**Plaintiff,** | §<br>§<br>§ | **IN THE DISTRICT COURT** |
| **V.** | §<br>§<br>§ | **404TH JUDICIAL DISTRICT** |
| **UNUM LIFE INSURANCE**<br>**COMPANY OF AMERICA**<br>**Defendant.** | §<br>§<br>§ | **OF CAMERON COUNTY, TEXAS** |

## MOTION FOR
## DOCKET CONTROL ORDER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, Plaintiff Elizabeth Jane Lozano, Movant herein, filing this Motion for a Docket Control Order pursuant to Rule 166 of the Texas Rules of Civil Procedure   In support thereof, Movant hereby shows the following:

I.

The above-entitled and numbered cause is claim for breach of contract, breach of duty of good faith, unfair claims settlement practices, and deceptive trades practices.

II.

Movant requests that the Court enter a Docket Control Order that provides for the following with respect to discovery in this cause:

a. A deadline to designate expert witnesses by each party, and to provide reports and curriculum vitae.

b. A deadline to designate of rebuttal expert witnesses by each party, and to provide reports and curriculum vitae.

c. A deadline for the parties to complete expert depositions.

d. A deadline for the parties to complete the depositions of fact witnesses.

e. A deadline for the parties to complete all other discovery.

III.

Movant further requests that the Court set the following dates in a Docket Control Order in this cause:

1



a.    A date for trial herein.

b     A deadline to amend or supplement pleadings without approval of the court

c.    A deadline to join additional parties.

d     A deadline for conducting mediation

e.    A deadline for the parties to file dispositive motions such as motions for summary judgment.

## IV

Movant requests that the Court hold a pretrial conference as provided by Rule 166 of the Texas Rules of Civil Procedure, for the Court and the parties to consider matters that may aid in the disposition of this cause.  Specifically, Movant requests that the Court consider the following matters

a.    Exchange of lists of direct fact witnesses, other than rebuttal or impeaching witnesses the necessity of whose testimony cannot reasonably be anticipated before the time of trial.

b.    Exchange of lists of expert witnesses who will be called to testify at trial.

c.    Motions in limine.

## V.

Movant has attached hereto a proposed Docket Control Order with respect to the above-described matters, which is incorporated herein for all purposes as Exhibit "A."

**WHEREFORE, PREMISES CONSIDERED**, Movant prays that this Motion be granted and a Docket Control Order be entered herein, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

Sorola & Garcia, P.L.L.C.

By: _____

Louis S. Sorola
Texas Bar No. 00794990
2355 Barnard, Suite A
Brownsville, Texas  78520
Tel. (956)504-2911
Fax. (956)544-7766
Attorney for Plaintiff
Elizabeth Jane Lozano

2

NO. <u>2001-05-2297-</u>☞

| | | |
|---|---|---|
| **ELIZABETH JANE LOZANO**<br>**Plaintiff,** | §<br>§<br>§ | **IN THE DISTRICT COURT** |
| **V.** | §<br>§<br>§ | **404TH JUDICIAL DISTRICT** |
| **UNUM LIFE INSURANCE**<br>**COMPANY OF AMERICA**<br>**Defendant.** | §<br>§<br>§ | **OF CAMERON COUNTY, TEXAS** |

## <u>ORDER SETTING HEARING</u>

The above and foregoing Plaintiff's Motion for Docket Control Order having been presented

and duly considered, the Court is of the opinion that a hearing on same is necessary.

**IT IS THEREFORE ORDERED** that said Motion is set for hearing on _____

at _____, in the 404TH Judicial District Court of Cameron County, Texas

**SIGNED** on _____ , 2001.

.

_____
JUDGE PRESIDING

3

CMPDF - www.fesko.com

## CERTIFICATE OF SERVICE

I certify that on June 7, 2001, a true and correct copy of Plaintiff's Motion for Docket Control Order was served by certified mail, return receipt requested on Doug K. Butler at Figari, Davenport & Graves, 3400 Bank of America Plaza, 901 Main Street, LB 125, Dallas, Texas 75202-3796, via certified mail (7000 0520 0017 4080 8503).

_____

Louis S Sorola

4

Defendant Unum Life Insurance Company of America:

Doug K. Butler
State Bar No. 03516050
S.D. No. 9271
Attorney-In-Charge
Dennis M. Lynch
State Bar No. 90001506
S. D. No. 23163
Figari Davenport & Graves, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas  75202-3796
(214) 939-2000
(214) 939-2090  (FAX)

CHzPDF - www.fzxito.com

Respectfully submitted,

By: _____

Doug K. Butler
State Bar No. 03516050
S.D. No. 9271
Attorney-In-Charge

Of Counsel:
Dennis M. Lynch
State Bar No. 90001506
S. D. No. 23163
Figari Davenport & Graves, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
214/939-2000
214/939-2090 (facsimile)

ATTORNEYS FOR DEFENDANT
UNUM LIFE INSURANCE COMPANY
OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent

by certified mail, return receipt requested, to Mr. Louis S. Sorola, Sorola & Garcia, P.L.I.C.,

2355 Barnard, Suite A, Brownsville, Texas, 78520, on this 12th day of June, 2001.

_____
Doug K. Butler

**LIST OF PARTIES AND COUNSEL** - Page 3



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 3 2001

Michael N. Milby
Clerk of Court



ELIZABETH J. LOZANO
BARRIENTES,

      Plaintiff,

vs.

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

      Defendant.

§
§
§
§
§
§
§
§
§
§
§

C.A. No. ___B 01 - 0 9 8___

## INDEX OF MATTERS BEING FILED

1.    Civil Cover Sheet (filed contemporaneously with the notice of removal);

2.    Notice of Removal (with state court documents and a list of parties and counsel attached, pursuant to Local Rule 81).

**INDEX OF MATTERS BEING FILED** - Page 1